

Filed by MM   D.C.
ELECTRONIC

**Dec. 29, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

(Broward County Case No. 09-63927)

JAMES L. ABBATE, FRANKLIN M.
ABBOTT, and NADINE G. ABBOTT, *et al.*,

Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL
ASSOCIATION and THE BANK OF NEW
YORK MELLON CORPORATION,

Defendants.

CASE NO.

# 09-62047-CIV-Cooke/Bandstra

## DEFENDANT THE BANK OF NEW YORK MELLON CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant The Bank Of New York Mellon Corporation ("BNYM") hereby removes to this Court the state action described below:

1.     On November 25, 2009, a group of over 1,500 named Plaintiffs ("Plaintiffs") filed a complaint against BNYM and Wells Fargo, National Association ("Wells Fargo") in the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida. Although the complaint named over 1,500 separate plaintiffs, the caption listed only three plaintiffs, on the stated basis that the applicable rules of civil procedure did not require that all named plaintiffs be listed on the case caption. The case was thus captioned as *James L. Abbate, Franklin M. Abbott, and Nadine G. Abbott, et al. v. Wells Fargo, National Association and The Bank Of New York Mellon Corporation*, Case No. 09-63927 (the "State Court Action").

2.     This action arises from an alleged scheme perpetrated by Medical Capital Holdings, Inc. and its affiliates (collectively, "MedCap"). (Compl. ¶ 38(a)(i)–(ii).)

Plaintiffs allege that they purchased promissory notes issued by special purpose corporations related to MedCap (the "Notes"). (*Id.* ¶¶ 8, 20.) Plaintiffs allege that MedCap operated without financial controls, made improper investments, and engaged in other practices in violation of its duties to Plaintiffs, allegedly squandering hundreds of millions of dollars of noteholder funds and allegedly causing them injury. (*Id.* ¶¶ 38(a), 1883, 1890, 1899, 1906.) Although Plaintiffs recognize that BNYM serves only as the indenture trustee for certain series of Notes (*see id.* ¶ 1897), and thus has no obligation to monitor, supervise or verify MedCap's actions or omissions, Plaintiffs nevertheless allege that BNYM should have discovered and thwarted MedCap's scheme. On this theory, Plaintiffs seek compensation from BNYM, (and Wells Fargo, which also serves as indenture trustee for certain series of Notes), alleging that by failing to stop MedCap's scheme, BNYM and Wells Fargo have breached their alleged fiduciary duties to Plaintiffs and have violated the Florida Securities and Investor Protection Act. (*Id.* ¶¶ 43–44, 1936, 1977.)

3.     Plaintiffs served a copy of the complaint in the State Court Action on BNYM's registered agent on November 30, 2009. Per stipulation of the parties, BNYM's response to the complaint is due on or before January 30, 2010. BNYM has not yet filed a response to this pleading.

4.     The State Court Action is removable under 28 U.S.C. § 1441, which generally authorizes removal of actions over which the district courts of the United States would have original jurisdiction.

## DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

5.     Under 28 U.S.C. § 1332(d), this Court has original jurisdiction over civil "mass action" lawsuits. To qualify as a mass action, the lawsuit must meet the following requirements: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact. *Lowery v. Alabama Power Co.*, 483 F.3d 1184,

2

1202–03 (11th Cir. 2007); *see also* 28 U.S.C. § 1332(d)(11)(b) ("[T]he term 'mass action' means any civil action (except a civil action within the scope of [28 U.S.C.] section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [28 U.S.C. section 1332] subsection (a).").

6.　　At present, the Eleventh Circuit has not resolved whether a fifth threshold requirement exists for establishing that a lawsuit qualifies as a mass action—namely, whether "the party bearing the burden of establishing the court's jurisdiction must establish at the outset . . . that the claims of at least one of the plaintiffs exceed $75,000." *Id.* at 1206. Even assuming, *arguendo*, that BNYM must establish this element in addition to the four elements previously listed, Plaintiffs' case qualifies as a mass action, over which this Court has jurisdiction, for the reasons detailed below.

7.　　The State Court Action is a civil mass action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). BNYM is authorized to remove this action to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453.

8.　　The State Court Action is a civil action, which does not fall within the scope of 28 U.S.C. § 1711(2) because it was not filed under Rule 23 of the Federal Rules of Civil Procedure, nor was it filed under a State statute or rule of judicial procedure authorizing it to be brought by one or more representatives as a class action.

9.　　There are over 1,500 Plaintiffs in the State Court Action, all of whom seek monetary relief. (Compl. ¶¶ 50–1842 (listing all plaintiffs by name); *see also id.* at 359 ("each Plaintiff prays that this Court Enter Judgment in favor of plaintiff and against BNYM for all damages").)

10.　　Plaintiffs bring their claims jointly and allege that their claims involve common questions of law and fact, namely whether BNYM and Wells Fargo violated their respective

rights and duties as trustees for the benefit of holders of Notes issued by special purpose corporations created by MedCap. (Compl. ¶¶ 1–4.)

11.   At least one of the over 1,500 plaintiffs has raised claims satisfying the jurisdictional amount requirements of 28 U.S.C. § 1332(a). *See Lowery*, 483 F.3d at 1206–07. Specifically, Plaintiff James L. Abbate alleges that he is the holder of Note No. MPIV-11624 and of Note No. MPVI-10635. (Compl. ¶ 50.) The applicable Private Placement Memorandums ("PPMs"), which "described the terms of the notes" (*id.* ¶ 1881), show that both of Plaintiff Abbate's Notes had a minimum investment requirement of $50,000 each. (*See id.*; *see also* Exhibit A, Dec. 29, 2009, Declaration of Alec Schultz ("Schultz Decl.") Tabs 2, 4.). Because Plaintiff Abbate seeks, amongst other damages, a "return of the full amount of the investment made" (Compl. ¶ 1990(a))—which is at least $100,000—his claim "exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). There are over 1,000 Plaintiffs in this suit who, like Mr. Abbate, have purchased over $75,000 in Notes.

12.   The State Court Action further meets the provisions of 28 U.S.C. § 1332(d)(2)–(10):[1]

(a)   The matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, as Plaintiffs allege that this action involves over $1,000,000,000 in claims. (Compl. ¶ 1907 ("Conservatively, over $1 billion in principal is still owed to Noteholders and it appears that Noteholders will almost certainly suffer significant losses on their investments.")). Further, the minimum value that could have been invested in each Note was either $25,000 or $50,000, depending on the initial investment requirements. (*See* Schultz Decl. Tabs 1–4.) Plaintiffs have brought suit regarding more than 1,000 Notes over which BNYM serves as

---

[1] For purposes of removability, a "mass action shall be deemed to be a class action removable under paragraphs (2) through (10) [of 28 U.S.C. § 1332(d)] if it otherwise meets the provisions of those paragraphs." 28 U.S.C. § 1332(d)(11)(A).

indenture trustee (*see* Compl. ¶¶ 50–1842), and even under an extremely conservative accounting, Plaintiffs have placed more than $5 million in controversy.

(b)   "Minimal diversity" exists pursuant to 28 U.S.C. § 1332(d)(2)(A).  Unlike the traditional "complete diversity" requirement, to qualify as a removable mass action, "only *one* member" of the plaintiff group "must be diverse *from any one* defendant." *Lowery*, 483 F.3d at 1194 n.24 (emphasis added).  The Complaint alleges that Plaintiff James L. Abbate is a citizen of the State of California and further alleges that BNYM is a Delaware corporation with its principal offices in New York, and that Wells Fargo has its principal offices in Minnesota.[2]  (Compl. ¶¶ 50, 1843–44.)  Indeed, the vast majority of Plaintiffs are citizens of States other than Delaware, New York, and Minnesota, and are therefore diverse from *both* defendants.  (*Id.* ¶¶ 50–1842 (reflecting that the group of over 1,500 plaintiffs includes residents of Arkansas, Arizona, California, Colorado, Connecticut, Idaho, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Michigan, Nebraska, Nevada, New Jersey, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Texas, Utah, Virginia, Washington, and Wisconsin).)  Thus, it is beyond controversy that the minimal diversity requirement is met because the face of the Complaint alleges that several of the plaintiffs are diverse from any one defendant. 28 U.S.C. § 1332(d)(2)(A); *Lowery*, 483 F.3d at 1194 n.24; *see also* 28 U.S.C. § 1332(c) (for purposes of Sections 1332 and 1441, "a corporation shall

---

2   Although Plaintiffs have brought suit against The Bank of New York Mellon Corporation, that entity is a parent holding company, which does not serve as indenture trustee for the series of Notes at issue.  Rather, The Bank of New York Mellon serves as indenture trustee. This distinction does not change the analysis for purposes of diversity jurisdiction, however, as The Bank of New York Mellon is a New York chartered bank with its principal place of business in New York.

be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

(c)     None of the exceptions to removal jurisdiction listed in 28 U.S.C. § 1332(d)(3)–(10) applies to the State Court Action, nor does the State Court Action solely involve a claim concerning a covered security, the internal affairs or governance of a corporation, or the rights, duties and obligations relating to a security. *See* 28 U.S.C. § 1332(d)(9)(A)–(C); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 30–31 (2d Cir. 2008).

13.     Removal under 28 U.S.C. § 1441 is timely because BNYM has removed the State Court Action within 30 days of being served with the initial pleading.  BNYM's registered agent for service of process was served with the pleading on November 30, 2009, permitting BNYM through December 30, 2009 to timely file a notice of removal.

14.     Consent of all Defendants is not required to effectuate removal under the Class Action Fairness Act of 2005 (*see* 28 U.S.C. § 1453(b)); counsel for Wells Fargo nevertheless has consented to removal of this case to federal court.

15.     BNYM will promptly give written notice of this Notice to Plaintiffs and will file a copy of this Notice of Removal with the clerk of the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida (the "State Court"), as required by 28 U.S.C. section 1446(d).

16.     The State Court is located within this District, and venue is proper in the Fort Lauderdale Division of this Court.  28 U.S.C. § 1441(a).

17.     A copy of all process, pleadings, and orders served upon the defendants in the State Court Action is attached hereto as Exhibit B, in accord with 28 U.S.C. § 1446(a).

18.     The undersigned attorneys are authorized by BNYM to file this Notice of Removal, are licensed in the State of Florida, and are members of the Bar of this Court.

WHEREFORE, BNYM removes the original action brought by Plaintiffs now pending in the State Court to the United States District Court for the Southern District of Florida.

DATED:  December 29, 2009

Respectfully Submitted,

**BOIES, SCHILLER & FLEXNER LLP**

By: _____
        W. Todd Thomas
        Florida Bar No. 993832
        Alec Schultz
        Florida Bar No. 35022
        401 East Las Olas Boulevard
        Suite 1200
        Fort Lauderdale, Florida  33301
        tthomas@bsfllp.com
        aschultz@bsfllp.com
        Telephone:  (954) 356-0011

*Attorneys for Defendant*
THE BANK OF NEW YORK MELLON
CORPORATION

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

(Broward County Case No. 09-63927)

| | |
|---|---|
| JAMES L. ABBATE, FRANKLIN M. ABBOTT, and NADINE G. ABBOTT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION and THE BANK OF NEW YORK MELLON CORPORATION, <br><br> Defendants. | CASE NO. |

## DECLARATION OF ALEC SCHULTZ

I, Alec Schultz, declare as follows:

1.     I am an attorney duly licensed to practice law before all of the courts of the State of Florida.  I am an associate attorney with Boies, Schiller & Flexner LLP, attorneys of record for Defendant the Bank of New York Mellon Corporation.  Unless the context indicates otherwise, I make this declaration on the basis of personal knowledge, and if called to testify as a witness, I could and would testify competently hereto.

2.     Attached hereto as Tab 1 is a true and correct copy of a private placement memorandum bearing the date of January 16, 2004, and purporting to be issued by Medical Provider Financial Corporation II, Series I.

3.     Attached hereto as Tab 2 is a true and correct copy of a private placement memorandum bearing the date of October 23, 2006, and purporting to be issued by Medical Provider Financial Corporation IV, Series I.

4.     Attached hereto as Tab 3 is a true and correct copy of a private placement memorandum bearing the date of May 2, 2007, and purporting to be issued by Medical Provider Financial Corporation IV, Series II.

5.     Attached hereto as Tab 4 is a true and correct copy of a private placement memorandum bearing the date of August 7, 2008, and purporting to be issued by Medical Provider Funding Corporation VI, Series I.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed this 29th day of December, 2009, at Fort Lauderdale, Florida.

By: _____
Alec Schultz

2

# Tab 1

FILED by __ M.M __ D.C.
ELECTRONIC

Dec. 29, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

§JS 44 (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases below.**

### I. (a) PLAINTIFFS
James L. Abbate, Franklin M. Abbott, and Nadine G. Abbott, et al.

### DEFENDANTS
Wells Fargo Bank, National Association, and The Bank of New York Mellon Corporation

**(b)** County of Residence of First Listed Plaintiff   California Resident
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard Epstein, Greenspoon Marder, PA
Trade Centre South, Suite 700, 100 West Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys (If Known)
W. Todd Thomas, Boies, Schiller & Flexner LLP, 401 E. Las Olas Blvd., Suite 1200, Fort Lauderdale, FL 33301 (954)356-0011

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

0:09CV 62047-Cooke
Bandstra

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, Jurisdiction Pursuant to Class Action Fairness Act

LENGTH OF TRIAL via _15_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 12/29/09

FOR OFFICE USE ONLY
AMOUNT 350⁰⁰    RECEIPT # 548425    IFP

12 of 12